IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARGARETTE J. CARVER,**

    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

CASE NO. 3:20 CV 51

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Margarette J. Carver seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Greenberg for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Greenberg recommends this Court affirm the Commissioner's final decision. (Doc. 16). Plaintiff filed objections to the R&R (Doc. 17), and the Commissioner filed a response thereto (Doc. 18). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") in October 2014 alleging a disability onset date of April 9, 2003. (Tr. 245-47). Her claims were denied initially and upon reconsideration. (Tr. 148-53, 160-62, 167-68). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on September 14, 2018. (Tr. 35-75). On January 16, 2019, the ALJ found Plaintiff not disabled in a written decision. (Tr. 15-28). The Appeals Council denied Plaintiff's request for

review, making the hearing decision the final decision of the Commissioner. (Tr. 1-3). Plaintiff timely filed the instant action on January 10, 2020. (Doc. 1).

Plaintiff originally raised three arguments regarding the ALJ's decision. She argued the ALJ: (1) failed to properly evaluate the cumulative evidence in the record; (2) made a credibility assessment unsupported by substantial evidence; and (3) failed to meet her burden at Step Five. *See generally* Doc. 12. Judge Greenberg wrote a lengthy R&R addressing each. Therein, he concluded the ALJ properly considered the record as a whole, made a supported credibility determination, and committed no error at Step Five. (Doc. 16, at 21-38). He recommends the Court affirm the Commissioner's decision. *See* Doc. 16.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises three objections to the R&R. She argues Judge Greenberg failed to discuss her continuing back problems, failed to properly evaluate her obesity, and "erroneously addressed the opinion of Vocational Counselor Joseph Cannelongo". *See generally* Doc. 17.

In her first objection, Plaintiff accuses the ALJ (and Judge Greenberg) of "fail[ing] to discuss Plaintiff's continuing back problems including left side weakness with limited range of motion, antalgic gait, and positive straight leg raise on the left." (Doc. 17, at 1) (internal citations omitted). In support, she lists several records she contends demonstrate these problems. *Id*. She argues that, because the ALJ failed to mention the records and the objective findings therein, substantial evidence does not support the ALJ's conclusion she could perform sedentary work. *Id*. at 1-2. Notably, this is the same argument, with many of the same cited records, made to Judge Greenberg in Plaintiff's original brief. *See* Doc. 12, at 15, 24-25. In his R&R, Judge Greenberg thoroughly addressed the ALJ's coverage of Plaintiff's back surgeries and pain, noting the ALJ cited many of the same records Plaintiff argues were ignored. *See* Doc. 16, at 22-23. Moreover, contrary to Plaintiff's argument here, the ALJ was not required to cite to, or even discuss, every single transcript page which Plaintiff believes demonstrates an ongoing back condition. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Relying on *Jones v. Commissioner of Social Security*, 336 F.3d 469, 477 (6th Cir. 2003), Judge Greenberg ultimately concluded the ALJ's findings were supported by substantial evidence and recommended the

---

1. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Greenberg.

decision be affirmed in this regard. (Doc. 16, at 24) ("Indeed the Sixth Circuit has made clear that an ALJ's decision 'cannot be overturned if substantial evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.'") (quoting *Jones*, 336 F.3d at 477). This Court arrives at the same conclusion – Plaintiff's argument is without merit. Though the ALJ did not discuss every piece of evidence Plaintiff cites, she was not required to.

In her second objection, Plaintiff (very broadly) argues Judge Greenberg improperly concluded the ALJ adequately evaluated her obesity and its effect on her other impairments. (Doc. 17, at 2) (citing *Lanham v. Comm'r of Soc. Sec.*, 2017 WL 2912532, at *8-9 (N.D. Ohio))[2]. She contends the ALJ failed to detail evidence of Plaintiff's obesity and this constitutes reversible error. *Id*. Here, the R&R cites the relevant law regarding obesity and the effect it can have in combination with other impairments. (Doc. 16, at 24-26). To Plaintiff's argument specifically, the R&R acknowledges the ALJ found obesity to be a severe impairment and stated she considered obesity and its combined effects on other impairments. *Id.* (citing Tr. 18). However, the R&R also notes the ALJ did not specifically mention obesity at subsequent stages. *Id.* at 25. Plaintiff contends this constitutes reversible error. (Doc. 17, at 2).

---

2. Plaintiff cites *Lanham* for the proposition that "[t]his Court has held that a conclusory finding with no detailed explanation was insufficient." (Doc. 17, at 2). *Lanham* is distinguishable, however. In that case, the proposition Plaintiff cites was offered by the Court in response to a Listing argument. *See Lanham*, 2017 WL 2912532, at *8-9. The Court concluded the ALJ failed to provide *any* analysis at Step Three as to whether or not Plaintiff met (or equaled) Listing 14.06. *Id*. Here, the ALJ specifically addressed Plaintiff's obesity and expressly noted she considered its effects on other impairments. (Tr. 18). Plaintiff is correct that the ALJ must consider her obesity in combination with her other impairments at all stages of the sequential evaluation, *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009); however, the ALJ is not required to employ one "particular mode of analysis" when considering it at subsequent stages, *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006). This differs considerably from the requirements for evaluating whether a Plaintiff's impairments meet or equal a Listing.

Here, by finding obesity a severe impairment, the ALJ necessarily found it significantly limited Plaintiff's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). However, it was Plaintiff's burden to "marshal[ ] competent medical opinion and evidence to show *specifically* how her obesity exacerbated her other impairments, or interacted with them, to render her incapable of all suitable work." *Smith v. Astrue*, 639 F. Supp. 2d 836, 846 (W.D. Mich. 2009) (emphasis in original); *see also Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 667 (6th Cir. 2004) ("The absence of further elaboration on the issue of obesity likely stems from the fact that [plaintiff] failed to present evidence of any functional limitations resulting specifically from her obesity."). To Judge Greenberg, Plaintiff did not argue, nor present any evidence of, a specific omitted functional limitation stemming from her obesity. (Doc. 12, at 16-17). Similarly, she does not present any specific error to this Court. (Doc. 17, at 2). Therefore, the Court declines to find error in the ALJ's assessment of Plaintiff's obesity and agrees with Judge Greenberg's evaluation of the same.

Finally, Plaintiff contends Judge Greenberg "erroneously addressed the opinion of Vocational Counselor Joseph Cannelongo". (Doc. 17, at 2). She argues Mr. Cannelongo is a vocational expert and the ALJ (and Judge Greenberg) incorrectly concluded he was an "unacceptable medical source". *Id*. Mr. Cannelongo is a certified rehabilitation counselor who works for a vocational services company. *See* Tr. 352-58. Therefore, he is not an acceptable medical source under the regulations. 20 C.F.R. §§ 404.1527(f), 416.927(f)[3]. Mr. Cannelongo provided Plaintiff with an "employability assessment" which was created for a Workers' Compensation claim. (Tr. 352-58); *see also* Tr. 25. The ALJ rejected the opinion because, in the

---

3. As Plaintiff points out, the R&R cites caselaw regarding physical therapists in discussing Mr. Cannelongo. (Doc. 16, at 28). While Mr. Cannelongo is not a physical therapist, the caselaw cited is broadly applicable to "other sources" and a vocational counselor is such a source.

5

Workers' Compensation context, it was unclear whether Mr. Cannelongo's definition of "disability" meant Plaintiff could not perform *any* work, or just her past work. (Tr. 25). As Judge Greenberg correctly determined, because the standards for Workers' Compensation disability claims and Social Security disability claims are so different, "[the ALJ's] assessment involves neither legal nor factual error". (Doc. 16, at 30) (citing *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 444 (6th Cir. 2018) ("[T]he Ohio workers' compensation statute defines as a disability which prevents a worker from returning to the [worker's] former position of employment . . . disability for social-security-disability-benefits purposes is a much higher standard than disability for Ohio workers' compensation purposes.") (internal quotation and citation omitted)). The Court agrees with Judge Greenberg's analysis here and finds no error in the ALJ's assessment of Mr. Cannelongo's opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Greenberg's R&R (Doc. 16) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                           s/ *James R. Knepp II*
                                           UNITED STATES DISTRICT JUDGE